# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ABBEY CAMPANELLI, et al., | CIVIL ACTION |
| Plaintiffs, | |
| v. | NO: 3:22-cv-1656 |
| FIRELANDS REGIONAL MEDICAL CENTER, | Judge Jack Zouhary |
| | Magistrate Judge Darrell Clay |
| Defendants. | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Abbey Campanelli and Elizabeth Spitzer ("Plaintiffs") and Defendant Firelands Regional Medical Center ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties") hereby respectfully move this Court to review the Parties' Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached hereto as **Exhibit A** ("**Ex. A**"), and for an Order approving the Settlement Agreement as fair and reasonable. In support of this Motion, the Parties state as follows:

1. Plaintiffs have commenced this action against Defendant, alleging in part that Defendant failed to pay Plaintiffs' overtime wages due under the Fair Labor Standards Act ("FLSA") and state-law equivalent statutes.

2. Defendants have denied liability and wrongdoing of any kind.

3. In an effort to reach a compromise and to avoid the expense and burden of continued litigation, the Parties have reached a settlement of all claims asserted in the pending action. The terms of the settlement are embodied in the Settlement Agreement. *See* **Ex. A**.

4. Plaintiffs' and Defendant's undersigned counsel believe that the proposed Settlement Agreement is fair and reasonable.

5. The proposed Settlement Agreement is contingent upon the Court's review and approval of it, as well as the Court's issuance of an Order approving the Settlement Agreement as fair and reasonable.

6. The Parties agree that bona fide disputes exist regarding Plaintiffs' wage-and-hour claims, including the number of hours worked and unpaid overtime compensation.

7. The Parties stipulate and agree that the proposed Settlement Agreement: (a) is not the product of fraud or collusion; (b) is in resolution of complex and expensive litigation that is likely to be of a significant duration; (c) accounts for the potential success on the merits by Plaintiffs, as well as the defenses of the Defendant; (d) is reasonable and fair in the opinion of the Parties' counsel; and (e) is in the public's best interest to promote the early resolution of contested claims in litigation.

8. The Parties, pursuant to Fed. Civ. R. 41(a)(1)(ii) and based upon the attached Settlement Agreement, hereby stipulate to the dismissal of this case with prejudice. The Parties request that this Court retain jurisdiction to enforce the terms of the proposed Settlement Agreement.

WHEREFORE, for the foregoing reasons, the Parties request that the Court review the proposed Settlement Agreement (*see* **Ex. A**) and issue an Order (*see* **Exhibit B** ("**Ex. B**")) approving it as fair and reasonable, and that this case be stipulated as dismissed with prejudice.

The Memorandum in Support of this Motion is incorporated herein.

Dated: April 26, 2024                                             Respectfully submitted,

*/s/Heidi N. Hartman*                                             */s/ Robert E. DeRose*
Heidi N. Hartman (0074293)                                  Robert E. DeRose (0055214)

| | |
|---|---|
| Elizabeth L. Bolduc (0096901)<br>**Eastman & Smith LTD.**<br>**One Seagate, 27th Floor**<br>P.O. Box 10032<br>Toledo, OH 43699-0032<br>Telephone: (419) 241-6000<br>hnhartman@eastmansmith.com<br>elbolduc@eastmansmith.com<br><br>*Counsel for Defendant* | **Barkan Meizlish DeRose Cox, LLP**<br>4200 Regent Street, Suite 210<br>Columbus, Ohio 43219<br>Telephone: (614) 221-4221<br>Facsimile: (614) 744-2300<br>bderose@barkanmeizlish.com<br><br>-and-<br><br>Charles M. Murray (0052083)<br>Joseph A. Galea (0089550)<br>**Murray & Murray Co., L.P.A.**<br>111 E. Shoreline Drive<br>Sandusky, OH 44870<br>Phone: (419) 664-3711<br>Facsimile: (614) 744-2300<br>cmm@murrayandmurray.com<br>jag@murrayandmurray.com<br><br>*Counsel for Plaintiffs* |

**MEMORANDUM IN SUPPORT OF THE JOINT
MOTION FOR APPROVAL OF SETTLEMENT**

**I.    INTRODUCTION**

The Parties have reached a Settlement Agreement with respect to the above-captioned lawsuit. The settlement was achieved through extensive negotiation and is memorialized in the Parties' Stipulation of Settlement and Release ("Settlement Agreement"), attached as **Ex. A**. The Agreement sets forth, among other terms, the amount to be paid to Plaintiffs and their Counsel by Defendant. Under the Agreement, the Parties agreed to releases of claims and dismissal of this action with prejudice upon approval of this Motion by the Court and the Parties' full performance of their obligations set forth in the Agreement.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint with the Northern District of Ohio on September 16, 2022, against Defendant Firelands Regional Medical Center. (ECF No. 1). Plaintiffs filed a Corrected Complaint on the same day, to correct a filing error. (ECF No. 3). Plaintiffs allege a claim to recover unpaid overtime compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief pursuant to the provisions of Sections 203, 206, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60. It is specifically alleged, *inter alia,* that Defendant failed to pay Plaintiffs, who were non-exempt employees, overtime pay for all hours worked over forty (40) in a single workweek while employed with Defendant. Plaintiff Campanelli also alleges that as a result of engaging in the protected activity of complaining about Defendant's intention to collect an overpayment of wages by Defendant, Defendant retaliated

4

against Plaintiff Campanelli by terminating her employment in early April 2022. (ECF No. 3 at PAGEID# 38 ¶ 113).

Plaintiffs moved for court-authorized notice of class and collective claims to similarly situated employees. The Court denied Plaintiffs' motion.

Through subsequent discussions, the Parties agreed to a mediation conference to expedite settlement negotiations. (See ECF No. 48) Thereafter and in the meantime, the Parties agreed to engage in extensive, good faith settlement negotiations. As a result of those negotiations, the Parties reached an agreement on the Plaintiffs' claims, the terms of which are memorialized in the Settlement Agreement. A true and accurate copy of the Settlement Agreement is attached as Exhibit A ("Ex. A.").

As set forth in the Agreement, Plaintiffs have agreed to resolve their underlying claims for unpaid wages, liquidated damages, and any other claims or potential wage related claims against Defendant. In return, Defendant has agreed to pay Plaintiffs monetary consideration for the alleged damages and Plaintiffs' costs and expenses in bringing the litigation. Defendant does not admit liability and denies that Plaintiffs are entitled to any relief under FLSA and the Ohio Acts.

Both Parties were represented by experienced counsel during negotiations. The Settlement Agreement provides for mutual promises, and an agreement to request the Court to dismiss this action with prejudice and to approve the release of claims set forth in the Settlement Agreement.

### III. THE PROPRIETY OF APPROVAL

The FLSA portion of the Settlement is subject to approval by the Court pursuant to §216(b) of the FLSA. As explained below, Court approval is warranted.

**A. The Settlement is Fair, Reasonable, and Adequate.**

"Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). Courts look to several factors when undertaking this inquiry: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id*. However, "[t]he Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Hedglin v. Maxim Healthcare Services, Inc.*, 2016 U.S. Dist. LEXIS 148275, * 3 (N.D. Ohio Oct. 26, 2016), quoting *Crawford v. Lexington-Fayette Urban County Gov*., 2008 U.S. Dist. LEXIS 90070 (E.D. Ky. Oct. 23, 2008).

The purpose of the review is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 U.S. Dist. LEXIS 58912 (N.D. Ohio June 15, 2010) quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (alteration in original) (further citation omitted)). "The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Hedglin v. Maxim Healthcare Services*, Inc., 2016 U.S. Dist. LEXIS 148275, * 3 (N.D. Ohio Oct. 26, 2016).

7392826.1

The Parties' Settlement is fair, reasonable, and adequate, particularly in light of (a) the bona fide dispute that exists between the Parties on the merits of Plaintiffs' claim, and (b) the monetary consideration Plaintiffs are receiving.

**1.      A Bona Fide Dispute Between the Parties Existed Over Liability.**

Courts find there is a bona fide dispute where the parties disagree over legal issues pertinent to the FLSA claims of the plaintiffs. See, e.g., *Foster v. Residential Programs*, No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS 30963, at *8 (S.D. Ohio Feb. 18, 2021) (bona fide dispute where parties disagreed as to whether employees are entitled to overtime, whether the defendants' actions were willful, and whether the defendants acted in good faith); *Smith v. Tradeglobal*, LLC, No. 1:19-cv-192, 2020 U.S. Dist. LEXIS 179622, at *4 (S.D. Ohio Sept. 29, 2020).

Defendant denies Plaintiffs were improperly paid under the FLSA and the Ohio Act for all hours worked at Defendant's benefit as a Registered Nurse. Nonetheless, Plaintiffs allege that they were not compensated for the time worked in excess of 40 hours per workweek. The Settlement Agreement was reached only through hard-fought settlement negotiations in which the pertinent factual and legal issues in this case were fully analyzed and assessed based on the strengths and weaknesses of the claims and defenses at issue. These facts are sufficient to establish a "contested" litigation. *See Simmons v. Mathis Tire & Auto Serv.*, No. 13-2875-STA-tmp, 2015 U.S. Dist. LEXIS 114008, at *2 (W.D. Tenn. Aug. 20, 2015) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA.").

Accordingly, the bona fide dispute between the Parties "serves as a guarantee" that the settlement is fair, reasonable, and adequate. Had this matter not been settled, costly litigation would ensue enlarging the attorney fees and costs exposure to the Defendant and potentially

reducing the resources available to pay the Plaintiff. The Parties opted to negotiate a settlement prior to extensive discovery.

**2.      The Monetary Consideration Plaintiff is Receiving is Reasonable.**

Plaintiffs are receiving **$40,000.00** to resolve their claims ("Total Settlement Amount"). The settlement payment shall be compromised of individual payments to Plaintiffs. After deduction of Plaintiffs' Counsel's attorneys' and litigation fees and expenses from the Total Settlement Amount, Plaintiffs' Counsel calculated the individual payments based proportionally on each Plaintiffs' alleged damages during the Released Period:

   a. **To Plaintiff Campanelli:** Two thousand five hundred dollars and no cents **($2,500.00)** will be allocated to Plaintiff Campanelli for payment of all alleged damages, and seven thousand five hundred dollars and no cents **($7,500.00)** will be allocated to Plaintiff Campanelli for payment of liquidated damages. Ms. Campanelli's termination will be removed and listed as "resignation." She will receive a neutral letter of recommendation with her dates of employment and titles.

   b. **Individual Payments to Plaintiff Spitzer:** One thousand dollars and no cents **($1,000.00)** will be allocated to Plaintiff Campanelli for payment of overtime compensation and one thousand dollars, and no cents **($1,000.00)** will be allocated to Plaintiff Spitzer for payment of liquidated damages.

*See* Ex. A. This sum is fair, reasonable, and adequate on its face. Plaintiffs and Plaintiffs' Counsel believe that this Settlement is in the best interest of the Plaintiffs. *See Declaration of Robert E. DeRose, Esq.*, attached as **Exhibit C** ("**Ex. C**") at ¶ 30. The proposed settlement is based on an average of estimated hours worked per week that was automatically deducted under Defendant's meal break policy for every week in which such hours may have resulted in Plaintiffs working more than forty (40) hours, for the period of three years before the filing of Plaintiffs' Complaint.

The relevant *Int'l Union* factors also weigh in favor of approval. The Settlement was reached after extensive negotiations between counsel experienced in FLSA litigation, eliminating any concern that fraud or collusion exists. *Id*. After several months of ongoing negotiations, the

Parties scheduled a mediation to be held on March 22, 2024. With assistance of Magistrate Judge Greenburg, and through extensive negotiations, the Parties were able to come to an agreement on a fair and equitable resolution of the Plaintiffs' disputed FLSA and Ohio Act claims. By specifically allocating a portion of the Total Settlement Amount solely for Plaintiff's wages, the Parties ensure that payment is a fair and adequate compromise. The Settlement avoids lengthy, expensive, and uncertain litigation, which also serves the public interest. For these reasons, the Parties respectfully submit that the Settlement of Plaintiffs' FLSA claims are fair, reasonable, and adequate. See, *Ford v. Carnegie Mgmt. Servs., Inc.,* No. 2:16-CV-18, 2017 WL 4390294, at *2 (S.D. Ohio Oct. 3, 2017) ("The parties' divergent positions would have required judicial resolution had a settlement not been reached through many months of arms-length negotiation between competent counsel. Thus, the settlement is free from indicia of fraud and collusion.").

B.  **The Award of Attorneys' Fees is Reasonable.**

Congress included a fee-shifting provision in the FLSA that mandates an award of reasonable attorneys' fees and litigation costs to a prevailing employee. See 29 U.S.C. § 216(b); see also *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021) ("The award of a reasonable fee to a prevailing plaintiff is therefore mandatory under the FLSA."). Federal courts have long recognized the profound importance of a plaintiff's right to recover attorneys' fees under the FLSA, particularly where the victims of FLSA violations are low-wage workers whose individual damages may not be individually significant. The Sixth Circuit in *Fegley* explained the importance of the FLSA's statutory fee provision:

> The purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourages the vindication of congressionally identified policies and rights. Indeed, we have

9

upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.

*Fegley v. Higgins*, 19 F.3d 1126, 1134-43 (6th Cir. 1994) (internal quotations and citations omitted) (cert. denied, 513 U.S. 875 (1994)). So integral are attorneys' fees under the FLSA that the Sixth Circuit recently took the unusual step of reversing a district court's reduction of fees sought in an FLSA case and ordering judgment for the full amount of the fees sought. See *Rembert*, 986 F.3d at 618.

There are two basic measures for evaluating the fairness of an attorneys' fees award under the FLSA, "work done and results achieved." *Rui He v. Rom*, 751 Fed. App'x 664, 673 (6th Cir. 2018) (quoting *Gascho v. Global Fitness Holdings*, LLC, 822 F.3d 269, 279 (6th Cir. 2016). The "work done" measure is the "lodestar" method of attorney fee calculation and the "results achieved" measure is the "percentage of the fund" method of attorney fee calculation." *Gascho* at 279. The Sixth Circuit permits a court to choose one or the other method as the court, in its discretion, deems appropriate for the circumstances of a particular case so long as the court articulates its reasons. *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). The lodestar method yields a fee that is presumptively sufficient to achieve the objective of attracting competent counsel but avoiding a windfall for the attorneys. *See Rembert* at *4 (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

In approving the reasonableness of attorney's fees, the relevant factors typically include: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *See Moulton v. U.S. Steel Corp.,* 581 F.3d at 352.

10

Plaintiff's Counsel seeks an award of attorneys' fees and reimbursement for costs in the total amount of $30,000, with $24,621.63 in attorneys' fees and $3,378.37 in expenses. Plaintiffs' counsel at Barkan Meizlish DeRose Cox, LLP expended 224.20 hours in connection with the prosecution of Plaintiffs' claims which amounts to $84,289.00 in attorney fees. *See* **Ex. C** at ¶¶ 23-24. The requested attorney fees are $59,667.37 less than what Plaintiffs' Counsel incurred and represent a 70.8% loss. *See* **Ex. C** at ¶ 28. Thus, this factor favors approval. See *Dewald v. Time Warner Cable Inc.,* Nos. 16-cv-1129, 17-cv-00631, 2021 U.S. Dist. LEXIS 32459, *18 (S.D. Ohio Feb. 16, 2021) (factor favored approval where Plaintiffs Counsel's lodestar was more than the amount of fee requested).

Plaintiff's Counsel also took this case on a pure contingency basis, which favors approving the attorney's fees sought. *See* **Ex. C** at ¶¶ 26-27. *See Hebert v. Chesapeake Operating, Inc.,* No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, *5 (S.D. Ohio Sep. 20, 2019) ("counsel absorbed the risk of an unsuccessful outcome and no fee of any kind. This favors granting the attorney's fees award."). Based on the efforts expended by Plaintiffs' Counsel and the results achieved, granting Plaintiffs' Counsels' request is warranted. See *Kritzer v. Safelite Sols.,* LLC, 2012 Dist. LEXIS 74994, at *29 (Granting the same Plaintiffs' Counsel 52% of the settlement based on the amount of work performed and the exceptional result achieved for the class.)

IV.  **CONCLUSION**

The Parties jointly submit that the Settlement is a fair and reasonable resolution of the dispute between the Parties and was reached through arms-length negotiations. All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of the Plaintiffs' claims.

For the foregoing reasons, the Parties respectfully request that this Court approve the Settlement Agreement by entering the proposed Stipulated Order and Final Judgment submitted herewith.

Dated: April 26, 2024

Respectfully submitted,

*/s/ Heidi N. Hartman*
Heidi N. Hartman (0074293)
Elizabeth L. Bolduc (0096901)
**Eastman & Smith LTD.**
**One Seagate, 27th Floor**
P.O. Box 10032
Toledo, OH 43699-0032
Telephone: (419) 241-6000
hnhartman@eastmansmith.com
elbolduc@eastmansmith.com

*Counsel for Defendant*

*/s/ Robert E. DeRose*
Robert E. DeRose (0055214)
**Barkan Meizlish DeRose Cox, LLP**
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

-and-

Charles M. Murray (0052083)
Joseph A. Galea (0089550)
**Murray & Murray Co., L.P.A.**
111 E. Shoreline Drive
Sandusky, OH 44870
Phone: (419) 664-3711
Facsimile: (614) 744-2300
cmm@murrayandmurray.com
jag@murrayandmurray.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

A copy of *Joint Motion to Approve Settlement Agreement* was filed electronically with the Court on April 26, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

7392826.1