IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Abbey Campanelli, etc., et al.,                 Case No. 3:22 CV 1656

         Plaintiffs,                        ORDER APPROVING SETTLEMENT

    -vs-                                 JUDGE JACK ZOUHARY

Firelands Regional Medical Center,

         Defendant.

1.     Plaintiffs Abbey Campanelli and Elizabeth Spitzer (collectively, "Plaintiffs"), bring this action against Defendant Firelands Regional Medical Center to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief pursuant to the provisions of Sections 203, 206, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 and O.R.C. § 2307.60. Plaintiff Campanelli also asserts a claim for retaliation, alleging that Defendant retaliated against her by terminating her from her employment in April 2022 after she had engaged in the protected activity of complaining about her payment method.

2.     This matter is before this Court on the Joint Motion to Approve Settlement Agreement (Doc. 53). This Court has reviewed the Joint Motion and its exhibits, including the Settlement Agreement.

3.     "As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute.

*Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); see also *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement).

4. Courts look to several factors when undertaking this inquiry, including (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Ousley,* 2023 WL 3470522, at *3; *Headspeth v. TPUSA*, Inc., No. 2:19-CV-2062, 2022 WL 4094448, at *1 (S.D. Ohio Sept. 7, 2022) (Morrison, J.) (citing *Gentrup v. Renovo Servs., LLC,* No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011)). See 29 U.S.C. § 216(b), (c). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Ganci v. MBF Inspection Servs., Inc.,* No. 2:15-CV-2959, 2019 WL 4233128, at *2 (S.D. Ohio Sept. 6, 2019) (Vascura, M.J.). (quoting *Gentrup*, 2011 WL 2532922, at *8).

5. Here, there is a bona fide dispute as to liability and potential damages. The parties dispute whether Plaintiffs have any further entitlement to unpaid overtime wages, and Defendant denies all liability. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. Indeed, settlement was reached after mediation with Magistrate Judge Jonathan Greenburg as mediator. Further, the proposed settlement for the FLSA claims is based on Plaintiffs' counsel's extensive review of Plaintiff's payroll records. (DeRose Decl. ECF No. 53-3) The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals, and the public interest generally favors settlement of class claims. *See Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007).

6. The Settlement Agreement provides for a total settlement amount of $40,000, inclusive of attorney's fees, costs, service awards, and administrative expenses. Although the parties dispute both the existence and amount of unpaid overtime wages, the parties represent that that the individual settlement payments reflect reasonable consideration for their alleged overtime wages damages. Moreover, attorney's fees in the amount of one-third of the total FLSA Settlement Amount are reasonable. *See, e.g., Hebert v. Chesapeake Operating, Inc.,* No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NTI Servs., Corp.,* Case No. 2:20-cv-02173, 2021 WL 4350485 at *2 (S.D. Ohio Sept. 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC,* Case No. 2:20-cv-2610, 2021 WL 3662466, at *6 (S.D. Ohio Aug. 18, 2021) (approving a request for attorney's fees in the amount of one third of the settlement fund and noting, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount").

7. This Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over the wage claims raised in this case; this Court further finds that the award of attorney fees and costs in the Settlement Agreement is reasonable. The settlement of this case is approved; and this case is dismissed with prejudice, each party to bear its own attorney fees and costs, except all court costs shall be borne by Defendant as agreed between the parties in the Settlement Agreement.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 3, 2024

3